# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 21, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| TRINA O'DELL JONES, *<br>*personal representative of the Estate of* *<br>O'DELL COBB, deceased, * | | |
| * | | |
| Petitioner, * | No. 18-164V | |
| * | | |
| v. * | Special Master Gowen | |
| * | | |
| SECRETARY OF HEALTH * <br>AND HUMAN SERVICES, * | Decision on Stipulation; | |
| * | Influenza ("flu"); Guillain-Barre | |
| Respondent. * | Syndrome ("GBS"). | |
| * * * * * * * * * * * * | | |

*Laura Levenberg,* Muller Brazil, Dresher, PA, for petitioner.
*Felicia Langel,* Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON STIPULATION[1]

On February 1, 2018, Trina O'dell Jones, as personal representative of the Estate of O'dell Cobb ("petitioner") filed a petition in the National Vaccine Injury Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of the decedent receiving an influenza ("flu") vaccine, he suffered from Guillain-Barré Syndrome ("GBS"). *Id.* at Preamble.

On October 20, 2022, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation (ECF No. 77). Respondent denies that the flu vaccine was the cause of the decedent's alleged GBS or AIDP or was the cause of the decedent's any other injuries or death. *Id.* at ¶ 6. Nevertheless, maintaining their respective

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

positions, the parties now agree that the issues between them shall be settled and that a decision should be entered awarding compensation to the petitioner according to the terms of the stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The stipulation provides:

1) **A lump sum payment of $38,500 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TRINA O'DELL JONES, Personal Representative of the Estate of O'DELL COBB, deceased,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 18-164V<br>Special Master Gowen<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Trina O'Dell Jones ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Program") as personal representative of the estate of O'Dell Cobb ("decedent"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table ("Table"), 42 C.F.R. § 100.3(a).

2. Decedent received the flu vaccine on or about October 11, 2016.

3. The vaccine was administered within the United States.

4. Petitioner alleges that decedent suffered Guillain-Barré Syndrome ("GBS"), acute inflammatory demyelinating polyradiculoneuropathy ("AIDP"), and death that were caused-in-fact by the flu vaccine. Petitioner further alleges that decedent experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on decedent's behalf as a result of decedent's condition or death.

6. Respondent denies that decedent's alleged GBS and AIDP, or its residual effects, were caused-in-fact by the flu vaccine; and denies that the flu vaccine caused decedent any other injury or decedent's death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled, and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $38,500.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Vaccine Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act), or entities that provide health services on a pre-paid basis.

2

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i) and subject to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of decedent's estate under the laws of the State of North Carolina. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of decedent's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of decedent's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of decedent's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity and as personal representative of decedent' estate and on behalf of petitioner, and on behalf of decedent, and decedent's heirs, executors, administrators, successors, and/or assigns, does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims under the Vaccine Program on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of decedent resulting

from, or alleged to have resulted from, the flu vaccine administered on or about October 11, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about February 1, 2018, in the United States Court of Federal Claims as petition No. 18-164V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment, or do any act or thing, other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and, further, that a change in the nature of the injury or condition, or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused decedent's alleged GBS and AIDP, or any other injury or decedent's death..

17. All rights and obligations of petitioner hereunder in petitioner's capacity as personal representative of decedent's estate shall apply equally to decedent's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*[signature]*

TRINA O'DELL JONES,
Personal Representative of the Estate of
O'DELL COBB, deceased

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

LAURA LEVENBERG
MULLER BRAZIL
715 Twining Road, Suite 208
Dresher, PA 19025
laura@mullerbrazil.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes - S14
Digitally signed by George R. Grimes -S14
Date: 2022.10.03 10:41:45 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*

FELICIA D. LANGEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
felicia.d.langel@usdoj.gov

DATE: 10/20/22

5